# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

**No. 25-5191**

**September Term, 2025**

FILED ON: APRIL 17, 2026

AYMAN FAREH SOLIMAN, AN INDIVIDUAL,
APPELLANT

v.

TERRORIST SCREENING CENTER,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:24-cv-00634)

———

Before: HENDERSON and CHILDS, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*

**O R D E R**

Upon consideration of the record of the United States District Court for the District of Columbia and of the briefs and oral argument of the parties, it is

**ORDERED**, on the court's own motion, that the record be remanded to the district court. Although our appellate review is de novo, there are several important, unresolved questions about the record that need to be clarified.

1. The district court, in rendering summary judgment against Soliman for failure to exhaust administrative remedies, gave this explanation in its memorandum opinion: "The court concludes that the purposes of exhaustion support a bar here. Mr. Soliman was on notice that the FBI's RIDs had processed his May 2022 FOIA request directed at the Terrorist Screening Center because it

expressly told him so." JA 113.[1] On remand the district court should specify exactly what undisputed evidence, if any, showed that Soliman "was on notice . . . because [TSC] expressly told him so."

2. Soliman's complaint dealt not only with his FOIA request to TSC in June 2022 but also his FOIA request to TSC in October 2021. Yet the district court, in determining that Soliman had not exhausted his remedy for his June 2022 request, also dismissed his complaint regarding his TSC FOIA request of October 2021, as to which the court ruled that he had exhausted his administrative remedies. The court should indicate whether its summary judgment against Soliman included both of his requests to TSC.

3. In moving for summary judgment, the government filed a sworn Declaration of Michael G. Seidel, Section Chief of the FBI's Record/Information Dissemination Section, the entity within the FBI that responds to FOIA and Privacy Act requests for information. The Declaration set forth in detail FBI procedures for searching the FBI's Central Records System in response to FOIA requests in general and Soliman's requests in particular. However, the Declaration fails to answer the question whether records generated or held by TSC are part of the FBI's Central Records System. On remand the district court should order the defendant to provide a sworn declaration answering that question.

**FURTHER ORDERED**, that this case be held in abeyance pending further order of the court.

The Clerk of the Court is directed to transmit to the district court a copy of this order. The district court is requested to notify this court promptly upon making the required determinations.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

---

[1]Soliman submitted his FOIA / Privacy Act request in late June 2022, not "May 2022" as the district court wrote.